JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Peter Mays, appeals the decision of the trial court, which denied his petition for postconviction relief. After a thorough review of the arguments presented and for reasons set forth below, we affirm.
 {¶ 2} On February 7, 2003, following a jury trial, the appellant was convicted of two counts of attempted rape, one count of rape and one count of gross sexual imposition. Each of the offenses involved a minor child.[1] On March 10, 2003, the appellant filed a notice of appeal challenging his convictions, which were affirmed by this court in State v.Mays, Cuyahoga App. No. 82592, 2004-Ohio-2014. On September 12, 2003, the appellant filed a petition for postconviction relief, and a supplement to that petition was filed on October 16, 2003. On March 21, 2005, the petition was denied by the trial court.
 {¶ 3} The appellant now brings this appeal asserting two assignments of error for our review.
 {¶ 4} "I. The trial court erred when it denied the appellant a hearing on his petition for post-conviction relief on the basis that the appellant had not submitted sufficient evidentiary material in support of his claims."
 {¶ 5} The appellant first argues that the trial court erred when it denied him a hearing on the basis that his petition for postconviction relief contained insufficient evidence to support his claims. More specifically, he asserts that where a postconviction relief petitioner alleges ineffective assistance of counsel, an evidentiary hearing should be held. The appellant argues that his counsel was ineffective when he failed to introduce affidavits of key witnesses who would have offered evidence in his favor. Accordingly, the appellant asserts that an evidentiary hearing regarding his counsel's actions is necessary.
 {¶ 6} According to the postconviction relief statute, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. State v. Cole (1982), 2 Ohio St.3d 112. Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds forrelief (R.C. 2953.21(C)), i.e., whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." (Emphasis added.) R.C. 2953.21(A)(1).
 {¶ 7} In the interest of judicial economy and efficiency, it is not unreasonable to require the defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled. See, State v. Jackson
(1980), 64 Ohio St.2d 107, 112. Therefore, before a hearing is granted, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defensewas prejudiced by counsel's ineffectiveness." (Emphasis added.) Id. at syllabus.
 {¶ 8} Here the appellant argues that his attorney was ineffective when he failed to present affidavits of key witnesses on the appellant's behalf; however, the trial court held that the inclusion of character witnesses into the appellant's defense would not have altered the outcome of the case. Further, the trial court determined that the appellant failed to present operative facts sufficient to warrant a hearing or that would lead to relief. We agree with the trial court's findings.
 {¶ 9} The appellant claims that the affidavits of his witnesses would have served as significant evidence to support his claims; however, the information contained in the affidavits is not sufficient to overcome the jury's findings of guilt. The declarations of the witnesses are general in nature, bolstering the appellant's character; however, they do not address the crimes for which the appellant was convicted and offer no testimony that would refute the victim's claims against the appellant.
 {¶ 10} The appellant's petition also included case notes from his trial, a letter from his girlfriend contesting attorney fees, an affidavit from the appellant in which he alleges he had a conversation with a juror after the trial was completed, the fee agreement between the appellant and his attorney, court rules regarding expert witnesses and hearsay, and the statutory explanation of postconviction relief.
 {¶ 11} Although the appellant's petition included documents in addition to the witness affidavits, the additional documents failed to negate the jury's findings of guilt at trial. The appellant has failed to present any evidence to show that there was such a denial or infringement of his rights that would render the judgment of the trial court void. The appellant's first assignment of error is without merit.
 {¶ 12} "II. The trial court erred when it held that appellant's claims in his post-conviction relief were barred by the doctrine of res judicata."
 {¶ 13} In his second assignment of error, the appellant argues that the trial court erred when it held that the claims in his postconviction relief petition were barred by res judicata. He asserts that a prior claim of ineffective assistance of counsel bars the same complaint regarding the same aspect of counsel's performance, but does not bar a different complaint regarding some other aspect of counsel's performance.
 {¶ 14} The doctrine of res judicata involves both claim preclusion, which historically has been called estoppel by judgment, and issue preclusion, which traditionally has been referred to as collateral estoppel. Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379, 381. Under the claim preclusion branch of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. See, also, Black's Law Dictionary (8th Ed. 2004) (defining res judicata as a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action."). Issue preclusion, or collateral estoppel, precludes relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action." Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107.
 {¶ 15} In Grava, the court stated that the doctrine of res judicata bars not only subsequent actions involving the same legal theory of recovery as the previous action, but also claims which could have been litigated in the previous action:
 {¶ 16} "In Natl. Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62, 558 N.E. 2d 1178, 1180, we stated: `It has long been the law of Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit."' (emphasis sic) (quoting Rogers v. Whitehall [1986],25 Ohio St.3d 67, 69, 25 OBR4 89, 90, 494 N.E.2d 1387, 1388. We also declared that "the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Grava at 382.
 {¶ 17} The law regarding res judicata makes it clear that it not only bars claims that were brought in prior proceedings, but it also bars claims that could have been brought in prior proceedings. The appellant claims that he is now challenging his attorney's failure to call character witnesses and an undisclosed expert witness. The appellant asserts that the new issues are outside of the original trial record and, because they could not have been raised in direct appeal, they are properly raised in a proceeding for postconviction relief.
 {¶ 18} Although the appellant believes his claim was properly asserted and is not barred by the doctrine of res judicata, we cannot agree with his contentions. In his direct appeal, he raised the issue of ineffective assistance of counsel when he argued that his counsel failed to call defense witnesses, but in the current appeal he attacks his counsel's failure to call character witnesses and expert witnesses. It is clear from the strikingly close relationship of the issues that the appellant could have raised his current argument of ineffective assistance of counsel during his direct appeal when he first raised the argument of ineffective assistance of counsel. Although the appellant claims that the issues are outside of the original trial record, it is clear that he was aware of his current claims when he filed his direct appeal on his previous claims. Because the appellant failed to raise his current issue of ineffective assistance of counsel when he raised the same issue on direct appeal, the trial court did not err when it determined that his current claim was barred by the doctrine of res judicata. Thus, the appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, J., and Joyce J. George, J.,*concur.
[1] The underlying facts of this case are included in the Journal Entry and Opinion of appellant's original appeal to this court (Cuyahoga App. No. 82592).
* Sitting by Assignment: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.