JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Peter William Mayes, appeals from the decision of the Cuyahoga County Court of Common Pleas that denied his motion for summary judgment on his motion for modification of sentence.[1] For the reasons stated herein, the judgment of the trial court is affirmed.
 {¶ 2} In 2003, Mayes was convicted and sentenced on two counts of attempted rape, one count of rape, and one count of gross sexual imposition, all involving a minor girl. Mayes filed a direct appeal challenging his conviction. This court affirmed the conviction inState v. Mayes, Cuyahoga App. No. 82592, 2004-Ohio-2014, appeal not allowed, 103 Ohio St.3d 1462, 2004-Ohio-5056, reconsideration denied,104 Ohio St.3d 1411, 2004-Ohio-6364. Mayes filed a petition for postconviction relief in 2003 that was denied by the trial court, and the denial was affirmed by this court in State v. Mayes, Cuyahoga App. No. 86203, 2006-Ohio-105. Mayes then filed another motion for postconviction relief on March 14, 2006, styled as a motion for modification of sentence, and a subsequent motion requesting summary judgment on his motion for modification. The trial court denied this successive petition for postconviction relief on June 21, 2006. *Page 4 
 {¶ 3} Mayes has appealed the trial court's ruling, raising two assignments of error for our review, which provide as follows:
 {¶ 4} "I: [The] trial court erred in not including the proper findings of fact and conclusions of law pursuant to R.C. 2953.21(E) (G) with respect to journal entry of June 21, 2006."
 {¶ 5} "II: [The] trial court erred in [its] denial to adjudicate appellant's unconstitutional consecutive sentences pursuant to State v.Foster (2006), 109 Ohio St.3d 1."
 {¶ 6} Initially, we recognize that Mayes captioned the motions under review as a motion for modification of sentence and a motion for summary judgment with respect to the same. We shall construe the motions as a petition for postconviction relief brought pursuant to R.C. 2953.21. SeeState v. Caldwell, Paulding App. No. 11-05-07, 2005-Ohio-5375, citingState v. Reynolds, 79 Ohio St.3d 158, 160-161, 1997-Ohio-304.
 {¶ 7} Under his first assignment of error, Mayes argues that the trial court failed to issue findings of fact and conclusions of law in denying him postconviction relief. The Ohio Supreme Court has held that a trial court judge has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief. State exrel. Bunting v. Haas, 102 Ohio St.3d 161, 163-164, 2004-Ohio-2055. Further, a review of the trial court's ruling in this case reflects that the trial court specifically found that Mayes could not rely onState v. Foster to *Page 5 
collaterally attack a prior judgment through postconviction proceedings. Accordingly, we find no merit to Mayes's first assignment of error.
 {¶ 8} Under his second assignment of error, Mayes contends that pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, he received an unconstitutional consecutive sentence. We must recognize that Mayes's petition was untimely as it was filed beyond the time limits set forth in R.C. 2953.21(A)(2). However, there are exceptions contained in R.C. 2953.23(A) for when a trial court may nonetheless consider an untimely motion for postconviction relief. As is relevant here, the statute provides, in part:
 "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 "(1) Both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted *Page 6 
or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 9} Here, Mayes failed to meet the requirements of R.C. 2953.23(A)(1). As for R.C. 2953.23(A)(1)(a), contrary to Mayes's belief, his petition was not based upon any new facts, and neither Blakely nor Foster created a new federal or state right that applies retroactively to him.
 {¶ 10} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings inBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 530 U.S. 466. The court found that, underBlakely and Apprendi, R.C. 2929.14(B), R.C. 2929.14(E)(4) and R.C.2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent they required judicial fact-finding. Foster, 109 Ohio St.3d at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id.
 {¶ 11} The United States Supreme Court limited its holdings inBlakely and Apprendi to cases on direct review. See, United States v.Booker (2005), 543 U.S. 220. Consistent with the United States Supreme Court's holding in Booker, supra, the Foster court restricted retroactive application of its holdings to cases pending on *Page 7 
direct review or not yet final. Foster, 109 Ohio St.3d 1. These cases did not create any new constitutional rights that apply retroactively to cases that are not on direct review. State v. Dunn, Washington App. No. 06CA23, 2007-Ohio-854. As a result, Ohio courts have consistently held that the holding in Foster does not apply to an untimely filed petition for postconviction relief, which is a collateral, rather than a direct, attack. See, e.g., State v. Ulis, Lucas App. No. L-06-1221,2007-Ohio-1192; State v. Taylor, Highland App. No. 06CA20,2007-Ohio-1185; State v. Humphreys, Franklin App. No. 06AP-811,2007-Ohio-1014; State v. Brenton, Paulding App. No. 11-06-06,2007-Ohio-901; State v. Carnail, Cuyahoga App. No. 86539,2006-Ohio-1246.
 {¶ 12} Mayes, therefore, has failed to establish that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, a condition that appellant was required to meet under R.C. 2953.23(A)(1) to allow the trial court to entertain his untimely postconviction petitions. As a result of Mayes's failure to satisfy the requirements of R.C. 2953.23(A)(1)(a), his motion was untimely, and the trial court lacked jurisdiction to consider his motion as a petition for postconviction relief.
 {¶ 13} Mayes's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR.
[1] Mayes initially filed a motion for modification of sentence on March 14, 2006. He subsequently filed a motion for summary judgment on April 28, 2006, requesting the court grant him summary judgment on his motion for modification of sentence. The trial court issued an order on June 21, 2006, denying the motion for summary judgment, which effectively denied the motion for modification. *Page 1