JOURNAL ENTRY AND OPINION
{¶ 1} On October 5, 2007, the applicant, Delbert Harrison, pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, applied to reopen this court's judgment in State v. Harrison, Cuyahoga App. No. 88957, 2007-Ohio-3524, (hereinafter the "Second Appeal") in which this court affirmed Harrison's convictions and sentences for two counts of rape, two counts of gross sexual imposition and one count of kidnapping, each with a sexually violent predator specification. On October 15, 2007, the state filed its brief in opposition. For the following reasons, this court denies the application.
 {¶ 2} In State v. Harrison, Cuyahoga County Common Pleas Court Case No. CR-456017, a jury found Harrison guilty of the above-listed offenses involving his seven year-old niece, and the trial judge found him guilty of the sexually violent predator specifications. The court then sentenced him to consecutive life sentences without parole on the rape counts, five years to life on the gross sexual imposition charges, and ten years to life for kidnapping. The latter three sentences were to run concurrently with each other and with the life sentences.
 {¶ 3} On appeal, State v. Harrison, Cuyahoga App. No. 86925,2006-Ohio-4119, (hereinafter the "First Appeal"), Harrison argued (1) the trial court inappropriately considered facts not in evidence in finding him to be a sexually violent predator, (2) there was insufficient evidence to support the verdict and (3) the trial court failed to make the necessary findings under R.C. 2929.14(E)(4) to impose *Page 4 
consecutive sentences. This court overruled the first two assignments of error and affirmed the convictions, but vacated the sentences and remanded the case for resentencing under State v Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 4} Harrison then retained Paul Mancino, who filed an App.R. 26(B) application to reopen the First Appeal. In that application, Mancino argued that the first appellate counsel was ineffective for failing to raise the following issues: (1) the sexually violent predator specification was fatally defective because it failed to allege the elements of that enhancement, (2) the trial court erred when it used the present conviction to find Harrison a sexually violent predator, (3) the trial court denied Harrison his right to confront and cross-examine one of the State's witnesses, and (4) the trial court denied Harrison due process of law by sentencing him to life imprisonment without the necessary jury findings or indictment allegations. This court denied the application. State v. Harrison, Cuyahoga App. No. 86925, 2006-Ohio-4119, reopening disallowed, (July 18, 2007), Motion No. 390758.
 {¶ 5} On remand the trial court reimposed its initial sentence. Mancino filed the Second Appeal in which he argued (1) the trial court denied Harrison due process when it sentenced him as a sexually violent predator when the specification failed to allege any of the elements of that enhancement, (2) the trial court denied Harrison due process when it used the present conviction to find him to be a sexually violent predator, (3) trial counsel was ineffective because he was sleeping during the trial, (4) the trial court erred by failing to make a full and fair inquiry into whether *Page 5 
Harrison received effective assistance of trial counsel, and (5) the court abused its discretion by sentencing Harrison without consideration of the applicable statutory criteria. After this court affirmed the convictions and resentencing, Mancino appealed to the Ohio Supreme Court, which denied the appeal on January 23, 2008. State v.Harrison, Case No. 2007-1642, 2008-Ohio-153.
 {¶ 6} Harrison now argues in this application to reopen that Mancino was ineffective for the following reasons: He failed to give Harrison a transcript so Harrison could file a timely App.R. 26(B) application for the First Appeal. Mancino failed to argue that trial counsel was ineffective because trial counsel (1) did not locate a witness, (2) did not obtain a medical doctor as an expert witness, (3) failed to object to the testimony of the nurse and the detective, (4) failed to ask for an in camera inspection of the detective's police report, (5) failed to object to the prosecutor's reference to Harrison's silence, (6) failed to object to the testimony elicited about Harrison's criminal record, (7) failed to seek cautionary jury instructions, and (8) failed to impeach certain witnesses. Harrison also maintains that Mancino should have argued that the verdict was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 7} First, Harrison's argument, that Mancino was ineffective because he did not send Harrison a copy of the transcript, is not an authentic claim for ineffective assistance of appellate counsel under App.R. 26(B). Appellate counsel has no duty to send the transcript to the defendant. Appellate counsel has the duty to exercise *Page 6 
his best professional judgment in deciding what arguments should be made. Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308, 3313; State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366,672 N.E.2d 638 and State v. Tenace, 109 Ohio St.3d 451, 2006-Ohio-2987. It may be useful to contact and confer with the defendant concerning what arguments should be made, but it is not required. Cf. State v.Inglesias-Rodriquez (March 16, 2000), Cuyahoga App. No. 76028, reopening disallowed (Oct. 13, 2000), Motion No. 17738. Moreover, App.R. 26(B)(2)(c) requires that the application have "[o]ne or more assignments of errors or arguments in support of assignments of error that were not considered on the merits * * * by any appellate court * * *." The failure of appellate counsel to send the transcript to the defendant is not an assignment of error.
 {¶ 8} The law of the case doctrine now bars Harrison's other arguments. This "doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3,462 N.E.2d 410. Thus, "the doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred." City of Hubbard exrel. Creed v. Sauline, 74 Ohio St.3d 402, 404-405, 1996-Ohio-174,699 N.E.2d 781. *Page 7 
 {¶ 9} In the present case, when this court affirmed the convictions in the First Appeal, the propriety of those convictions became the law of the case, and subsequent arguments seeking to overturn them became barred. Thus, in the Second Appeal, only arguments relating to the resentencing were proper. This court recognized this principle when Mancino tried to "bootstrap" arguments to overturn the convictions into the Second Appeal. "[T]he claims raised within the first and second assignments of error are a collateral attack upon this previously decided matter which is barred by res judicata." 2007-Ohio-3524,If 11. So too are Harrison's current attacks on his convictions in his application to reopen the Second Appeal. Any arguments in an application to reopen the Second Appeal would necessarily have to concern the resentencing.
 {¶ 10} This court further notes that sufficiency of the evidence was raised in the First Appeal, and thus, res judicata directly bars that argument also. Finally, in State v. Reddick, 72 Ohio St.3d 88, 90-91,1995-Ohio-249, 647 N.E.2d 784, the Supreme Court of Ohio stated: "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals." The court's statement applies to this case.
 {¶ 11} Accordingly, this court denies the application to reopen.
 PATRICIA A. BLACKMON, J., and MARY J. BOYLE, J., CONCUR. *Page 1