[Cite as *State v. Gibson*, 2011-Ohio-3074.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96117**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DANA GIBSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-504831

**BEFORE:** Rocco, J., Blackmon, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 23, 2011

-i-

**FOR APPELLANT**

Dana Gibson, Pro Se
Inmate No. 551-091
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio  44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Thorin O. Freeman
       Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113



KENNETH A. ROCCO, J.:

**{¶ 1}** Defendant-appellant Dana Gibson, proceeding pro se, appeals from the trial court order that converted his "motion for resentencing" into a motion for postconviction relief, and denied it as both untimely and barred by the doctrine of res judicata.

**{¶ 2}** Gibson presents one assignment of error.  He claims the trial court's order was improper pursuant to this court's disposition of his previous appeal in *State v. Gibson*, Cuyahoga App. No. 91793, 2009-Ohio-3883

("*Gibson I*") and the supreme court opinion in *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568.

{¶ 3} Upon a review of the record, this court finds his argument unpersuasive. His assignment of error, therefore, is overruled, and the trial court's order is affirmed.

{¶ 4} As relevant to the instant appeal, this court set forth the underlying facts of this case in *Gibson I* as follows:

{¶ 5} " * * * On June 6, 2008, the jury returned a verdict of guilty on six counts: murder under section 2903.02(A); murder under 2903.02(B); both felonious assault counts; tampering with evidence, and arson. * * * The defendant was found not guilty of aggravated murder, under R.C. 2903.01, but found guilty of the lesser included offense of murder under Count 1 * * * .

{¶ 6} "On June 17, 2008, the lower court sentenced Gibson to 15-years-to-life on Counts 1 and 2, to run concurrent. Gibson was also sentenced to five years on Counts 3 and 4, to run concurrent with each other, but consecutive to Counts 1 and 2. He also received five years on Count 5, to run consecutive to the five-year term of incarceration on Counts 3 and 4, which are consecutive to the fifteen-years-to-life sentence on Counts 1 and 2. Finally, Gibson received six months on Count 6, the misdemeanor arson charge, for a total sentence of 25-years-to-life.

{¶ 7} " * * *

{¶ 8} " * * * Gibson told Cleveland Police Detective Henry Veverka that he and his half-brother had gotten into a fight over the use of a car * * * , the two of them continued to argue and [the victim] grabbed a butcher knife from the kitchen drawer. * * * Gibson grabbed a nearby crowbar and hit [the victim] with it. The fight continued into the hall and down the stairs with Gibson continually hitting [the victim].

{¶ 9} "Detective Veverka further testified that Gibson told him that he got rid of the body first, then the car, by setting them on fire.

{¶ 10} " * * *

{¶ 11} " * * * [W]e find plain error regarding Gibson's convictions. * * * .

{¶ 12} "Gibson is currently serving two concurrent terms of incarceration for killing one victim: one term of incarceration for murder pursuant to R.C. 2903.02(A), and the other for murder pursuant to R.C. 2903.02(B).

{¶ 13} "Furthermore, Gibson is serving two concurrent terms of incarceration for felonious assault against one victim: one term of incarceration for felonious assault pursuant to R.C. 2903.11(A)(1) and the other for felonious assault pursuant to R.C. 2903.11(A)(2).

{¶ 14} " * * * As it pertains to Gibson's murder convictions: 'The Ohio Supreme Court has held that the conviction and sentence on two counts of murder for a single killing violated R.C. 2941.25 and the Double Jeopardy Clauses of the Ohio and United States Constitutions.' *State v. Hudson*, 9th Dist. No. 24009, 2008-Ohio-4075; see *State v. Huertas* (1990), 51 Ohio St.3d 22, 553 N.E.2d 1058. '[Where] a defendant who kills only one victim is convicted of two aggravated murder counts, the trial court may sentence on only one count.' *State v. Waddy* (1992), 63 Ohio St.3d 424, 588 N.E.2d 819.

{¶ 15} "In the instant case, felonious assault pursuant to R .C. 2903.11(A)(1) and R.C. 2903.11(A)(2) are allied offenses of similar import. *State v. Smith*, 1st Dist. No. C-070216, 2008-Ohio-2469; see, also, *State of Ohio v. Goldsmith*, Cuyahoga App. No. 90617, 2008-Ohio-5990. This is so because Gibson struck Raymond with multiple blunt force strikes in rapid succession and did not have a separate animus for each strike.

{¶ 16} "Thus, 'although the aggregate sentence should remain the same, by law, the convictions should be merged.' *State v. Crowley* (2002), 151 Ohio App.3d 249, 2002-Ohio-7366, 783 N.E.2d 970.

{¶ 17} " * * * [T]his matter is remanded to the trial court to merge defendant's two convictions for murder into one murder conviction and to merge defendant's two convictions for felonious assault into one felonious

assault conviction, thereby imposing one single conviction for each of the two allied offenses.   In all other respects, the matter is affirmed. * * * ”

{¶ 18} On remand, the trial court followed this court's directive.   Gibson was sentenced on January 2, 2010 to consecutive terms of "15 years to life on Counts 1 and 2 (merge[d]), 5 years on Counts 3 and 4 (Merge[d])," and "5 years on Count 5," with a six-month concurrent sentence on Count 6.   Gibson thus received the same aggregate prison term of twenty-five years to life.

{¶ 19} Gibson filed a notice of appeal from the trial court's journal entry of resentence, but this court subsequently dismissed that appeal in July 2010 for his failure to file an appellate brief.

{¶ 20} On October 27, 2010, Gibson filed a "motion for resentencing." In his supporting brief, Gibson argued for the first time that his convictions for murder and felonious assault were "allied offenses" pursuant to R.C. 2941.25(A).   He asserted that his sentences for both murder and felonious assault on the same victim thus violated both the statute and the Double Jeopardy Clauses of the Ohio and United States Constitutions.

{¶ 21} After the state filed a brief in opposition to Gibson's motion, the trial court issued a journal entry stating in pertinent part that Gibson's motion was "converted into a post-conviction petition."   The trial court further determined such a petition was both untimely and presented issues

that could have been raised on his direct appeal, therefore, Gibson's motion was denied.

{¶ 22} Gibson appeals from the trial court's order with the following assignment of error:

{¶ 23} **"I.   Whether the trial court committed reversible error thereupon abusing its discretion by construing Appellant's motion for resentencing into a [sic] untimely post-conviction petition when Appellant was sentenced to allied offenses of similar import in violation of both R.C. 2941.25 and the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."**

{¶ 24} Gibson argues his motion was neither properly denied nor properly determined to be a petition for postconviction relief.   Citing *Simpkins*, he contends that, since this court held in *State v. Minifee*, Cuyahoga App. No. 91017, 2009-Ohio-3089, that murder and felonious assault committed on a single victim are "allied offenses of similar import," and since this court also determined in *Gibson I* that he "did not have a separate animus" in striking the victim repeatedly, his sentence remains void.   Under such circumstances, he claims the trial court retained

jurisdiction to impose a "proper" sentence and, thus, the trial court incorrectly deemed his motion to be one seeking "postconviction" relief.

{¶ 25} A similar argument previously has been addressed and rejected by the Eleventh District in *State v. Hobbs*, Lake App. No. 2010-L-064, 2011-Ohio-1298, which analyzed the issue in the following manner:

{¶ 26} "'[A] convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any *claimed lack of due process* that was raised or *could have been raised* by the defendant at the trial which resulted in that judgment of conviction or *on appeal* from that judgment.' *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 96 [, 1996-Ohio-337, 261 N.E.2d 233].

{¶ 27} " * * *

{¶ 28} " * * * [U]nlike a *failure to impose postrelease control* in accordance with statutorily mandated terms, the *sentencing error in this case does not render the judgment void*. Rather, the trial court's imposition of a separate prison term for the firearm specification — inappropriate when the underlying offense was improperly handling a firearm in a motor vehicle — was *an error*, and therefore, the *judgment is voidable*, to be *corrected by the trial court upon resentencing*. In contrast to a void judgment, *res judicata applies to a voidable judgment*. See *State v. Simpkins*, [supra], ¶30 ('res

judicata applies to a voidable sentence and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence'). Because Mr. Hobbs failed to raise the allied offenses claim in his direct appeal, it is now barred by res judicata." (Emphasis added.)

{¶ 29} In like manner, in *State v. Poole*, Cuyahoga App. No. 94759, 2011-Ohio-716, this court noted in pertinent part:

{¶ 30} "During recent developments in the law surrounding postrelease control issues, the argument has been raised that since a trial court's failure to inform a defendant of postrelease control at sentencing renders that sentence void, the defendant should be allowed to collaterally attack his conviction. See, e.g., *State v. Dillard*, Jefferson App. No. 08 JE 35, 2010-Ohio-1407.

{¶ 31} "In *State v. Marshall*, Cuyahoga App. No. 89409, 2007-Ohio-6830, this court rejected a defendant's argument that the trial court, at his resentencing, erred when it failed to merge his robbery and kidnapping convictions because they were allied offenses of similar import. This court found that the trial court properly rejected the defendant's argument because he had already raised the issue, which this court rejected on direct appeal. In *State v. Martin*, Montgomery App. No. 21697, 2007-Ohio-3585, the court

found that <u>the analysis of merger constituted a review of the defendant's</u> <u>underlying convictions, and thus was not within the scope of the trial court's</u> <u>limited review of sentencing issues on remand</u>. See, also, *State v. McCauley*, Cuyahoga App. No. 86671, 2006-Ohio-2875 (finding that the defendant's allied offenses argument was barred by res judicata because it was not raised on direct appeal).

{¶ 32} "Recently, the Ohio Supreme Court, in an attempt to wade through the quagmire of law on postrelease control, held that 'void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack. [However,], although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.' *State v. Fischer*, [128 Ohio St.3d 92], 2010-Ohio-6238 [, 942 N.E.2d 332].

{¶ 33} "Thus, <u>when a court affirms the convictions in an appellant's first</u> <u>appeal, the propriety of those convictions becomes the law of the case, and</u> <u>subsequent arguments seeking to overturn them are barred</u>. *State v.*

*Harrison*, Cuyahoga App. No. 88957, 2008-Ohio-921, at ¶9. Therefore, in a subsequent appeal, only arguments relating to the resentencing are proper. *State v. Riggenbach*, Richland App. No. 09CA121, 2010-Ohio-3392, affirmed by [128 Ohio St.3d 338,] 2010-Ohio-6336 [, 944 N.E.2d 221].

{¶ 34} "In further clarification on this issue, we note that the Ohio Supreme Court recently stated that 'under R.C. 2941.25, the court must determine *prior* to sentencing whether the offenses were committed by the same conduct.' *State v. Johnson*, [128 Ohio St.3d 153,] 2010-Ohio-6314, [942 N.E.2d 1061,] at the syllabus. (Emphasis added)." (Underscoring added.)

{¶ 35} Thus, the trial court did not err in declining to address Gibson's claims. As for the trial court's decision to convert Gibson's "motion for resentencing" into a petition for postconviction relief, this also was appropriate. R.C. 2953.21(A)(1)(a) defines the criteria under which postconviction relief may be sought as follows:

{¶ 36} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights *as to render the judgment void* or voidable *under the Ohio Constitution or the Constitution of the United States* * * * may file a petition in the court that imposed the sentence, stating the grounds for relief relied upon, and

asking the court to vacate or set aside the judgment *or sentence * * *.*" (Emphasis added.)

**{¶ 37}** Clearly, in light of the supreme court's decision in *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, Gibson's motion met the criteria for being characterized as a petition for postconviction relief. The time limitations for filing for such relief are set forth in R.C. 2953.21(A)(2) and R.C. 2953.23, but Gibson's motion met none of them.

**{¶ 38}** In light of the foregoing, the trial court correctly denied Gibson's motion.

**{¶ 39}** Gibson's assignment of error, accordingly, is overruled.

**{¶ 40}** The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, P.J., and
SEAN C. GALLAGHER, J., CONCUR