[Cite as *State v. Mayes*, 2011-Ohio-6260.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96052

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PETER W. MAYES

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-422426

BEFORE: Kilbane, A.J., Blackmon, J., and Jones, J.

RELEASED AND JOURNALIZED: December 8, 2011

APPELLANT

Peter William Mayes, Pro se
Inmate No. 442-575
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Matthew E. Meyer
Thorin O. Freeman
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}   In this pro se appeal, defendant-appellant, Peter W. Mayes, appeals from the sentence imposed in connection with his 2003 convictions for rape, attempted rape, and gross sexual imposition, following a de novo sentencing hearing.   For the reasons set forth below, we note that a de novo hearing was not warranted in order to address the issue raised with regard to the imposition of postrelease control, but we find no prejudicial error and, therefore, we affirm.

{¶ 2}   On April 24, 2002, defendant was indicted pursuant to a six-count indictment in connection with alleged attacks upon a minor girl[1] in 2002.   Counts 1 and 4 charged him with attempted rape.   Count 2 charged him with rape.   Counts 3 and 6 charged him with kidnapping, and Count 5 charged him with gross sexual imposition.   Following a jury trial, defendant was convicted of two counts of attempted rape, one count of rape, and one count of gross sexual imposition.   The trial court sentenced him to a total of 24 years of imprisonment, with postrelease control ordering:

> "7 years as to each of counts 1 and 4; 9 years as to count 2 and 1 year as to count 5.   All counts to run consecutive to each other[.]   * * *   Postrelease control is a part of this prison sentence for the maximum period allowed for the above felony * * *."

{¶ 3}  In his direct appeal to this court, defendant asserted the following errors:

"I.   Evidence presented was insufficient to support the attempted rape and gross sexual imposition convictions.

II.   The trial court erred when it denied appellant's motion for a mistrial after testimony relating to appellant's criminal history.

III.  The trial court erred in ordering consecutive sentences which were not supported by the record.

IV.   The trial court erred in imposing sentences which are inconsistent with similar sentences for similar offenders as required in R.C. 2929.11(B).

V.    The evidence was insufficient, as a matter of law, to prove 'by clear and convincing evidence' that appellant is 'likely to engage in the future in one or more sexually oriented offenses'.

VI.   Ineffective assistance of counsel regarding trial counsel's procedures, or lack thereof."

{¶ 4}  This court affirmed the convictions, sentence, and the sexual predator adjudication.  See *State v. Mayes*, Cuyahoga App. No. 82592, 2004-Ohio-2014.

{¶ 5}  On September 12, 2003, defendant filed a petition to vacate and set aside his sentence in which he challenged the evidence supporting his convictions and his trial counsel's performance with regard to evidentiary and sentencing issues.  On April 14, 2004, defendant filed an amendment to his petition in which he additionally challenged the scope of the search undertaken in connection with his arrest and his trial counsel's representation as to this issue.

---

[1]She was born on September 12, 1988.

On March 21, 2005, the trial court issued findings of fact and conclusions of law in which it rejected the claims for relief and denied the petition. This ruling was affirmed on appeal. See *State v. Mayes*, Cuyahoga App. No. 86203, 2006-Ohio-105.

{¶ 6} On March 14, 2006, defendant filed a motion to modify his sentence. On June 21, 2006, the trial court denied this motion.

{¶ 7} On September 14, 2006, defendant filed a petition to vacate his conviction claiming that he was entitled to relief from judgment pursuant to Civ.R. 60(B), because the trial court lacked jurisdiction and his sentence was erroneous. The trial court denied the petition on October 17, 2006, and this court affirmed. *State v. Mayes*, Cuyahoga App. No. 88426, 2007-Ohio-2374.

{¶ 8} Defendant also applied for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, but the petition was dismissed and the court refused to issue a certificate of appealability. *Mayes v. Hudson* (Jan. 4, 2010), N.D.Ohio No. 1:07-CV-315.

{¶ 9} On April 23, 2010, defendant filed a motion to impose a lawful sentence in which he argued that the trial court erred in its imposition of postrelease control because it did not specify the specific term of postrelease control and did not set the consequences for violating the terms of postrelease control. On May 10, 2010, defendant filed a motion seeking the dismissal of all proceedings against him due to an unreasonable delay in imposing

a lawful sentence. Also on May 10, 2010, he filed a motion to vacate a void judgment that challenged the Rocky River Prosecutor's initial complaint in this matter and maintained that the matter was void ab initio for lack of jurisdiction. On May 25, 2010, the trial court denied the motion to dismiss and the motion to vacate a void judgment and set the matter for a de novo sentencing hearing on October 28, 2010. Defendant indicated that he wished to proceed pro se, but with defendant's consent, the court appointed shadow counsel for him. Following the de novo sentencing hearing, the trial court reimposed the same sentence that had been initially ordered in 2003, but further ordered that postrelease control was not applicable to Count 1 because the seven-year sentence imposed had expired, citing *State v. Dresser*, Cuyahoga App. No. 92105, 2009-Ohio-2888. The court additionally ordered:

> "Mayes will be required to serve, upon his release from prison, one mandatory term of postrelease control for the sentences in counts 2, 4, and 5. If during the five years of mandatory supervision, Mayes violates the terms and conditions of postrelease supervision, then the Adult Parole Authority can by administrative proceedings modify and/or extend the supervision and make it more restrictive, may reincarcerate for up to one-half of the sentence in counts 2, 4, and 5 in nine-month increments with the total time of reincarceration not to exceed 8 and ½ years, [may] charge [defendant]with a new felony know[n] as Escape and if the violation is a crime then Mayes faces the maximum penalty under the law for that crime and it may be run consecutively to any supervision and if the crime is a felony the judge may impose an additional sentence of 1 year or the remaining term of postrelease control whichever is greater as a sentence in the new case."

{¶ 10} Defendant now appeals and assigns six errors for our review. For the sake of convenience, we shall begin our analysis with the sixth assignment of error.

{¶ 11} For his sixth assignment of error, defendant complains that the "shadow counsel" appointed by the trial court was ineffective for failing to file motions he had prepared (and ultimately filed himself), failed to contact him and notify him that certain records were transferred to the court's file, failed to argue that the offenses for which defendant was convicted are allied, and failed to obtain the proper imposition of postrelease control.

{¶ 12} As an initial matter, we note that in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraphs two and three of the syllabus, decided after the hearing in this matter, the Ohio Supreme Court held that where a sentence fails to include the statutorily mandated term of postrelease control, the new sentencing hearing to which an offender is entitled is limited to proper imposition of postrelease control and res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. Having said that, we note that ultimately, following the de novo hearing, the trial court reimposed the original sentence, and properly imposed postrelease control. Therefore the court did not commit prejudicial error in holding the de novo sentencing hearing in this matter.

{¶ 13} In light of the limited nature of a sentencing hearing to correct the imposition of postrelease control, there was no basis for asserting arguments concerning allied offenses, or an additional nonspecific error with regard to the imposition of postrelease control. Therefore, shadow counsel cannot be deemed ineffective in this regard. Moreover, we find

no error in connection with counsel's performance. This assignment of error is without merit.

{¶ 14} In his first and second assignments of error, defendant maintains that the trial court erred in reimposing consecutive sentences in this matter because the consecutive sentences were the result of impermissible factfinding under R.C. 2929.14 that was severed from the sentencing scheme pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. These claims are outside of the scope of the sentencing hearing. *Fischer*. They are additionally barred by res judicata since they have been raised previously. See *Mayes*, 2007-Ohio-2374. Therefore, these claims are without merit.

{¶ 15} In his third assignment of error, defendant complains that his convictions are allied offenses of similar import and that the trial court erred in imposing sentence on each offense. Again, this claim is outside of the scope of the sentencing hearing. *Fischer*. It is also barred by res judicata. See *Mayes*, 2006-Ohio-105. Moreover, the record indicates that on two separate dates, defendant committed separate and distinct nonallied offenses with a separate animus. Therefore, this claim is without merit.

{¶ 16} For his fourth assignment of error, defendant maintains that the indictment is defective for each of the charges for which he was convicted for failing to properly allege a culpable mental state. However, in *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, the Ohio Supreme Court held that an indictment that charges an offense by

tracking the language of the criminal statute is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state, overruling *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 and *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169. In this matter, the offenses were set forth in the indictment in a manner that tracked the language of the defining criminal statutes. The indictment was therefore not defective. In any event, this claim is barred by res judicata. See *Mayes*, 2006-Ohio-105.

{¶ 17} For his fifth assignment of error, defendant asserts that all of the proceedings against him are void for lack of subject matter jurisdiction since the charges against him initially commenced upon the filing of a complaint in the Rocky River Municipal Court, but jurisdiction was not properly transferred to the Cuyahoga County Court of Common Pleas.

{¶ 18} Where the accused is initially charged via a complaint but is subsequently indicted by the grand jury, the accused is tried upon the indictment not the complaint. *Foston v. Maxwell* (1964), 177 Ohio St. 74, 76, 202 N.E.2d 425; *State v. Christian*, Mahoning App. No. 02 CA 170, 2005-Ohio-2381; *State v. Thacker*, Lawrence App. No. 04CA5, 2004-Ohio-3978. Consequently, any alleged defects with the Rocky River complaint are irrelevant and harmless to defendant's convictions, as he was tried and convicted on the indictment. This claim is therefore without merit.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., and
LARRY A. JONES, J., CONCUR