[Cite as *State v. Mayes*, 2014-Ohio-1086.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100425**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PETER WILLIAM MAYES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-02-422426

**BEFORE:** Rocco, J., S. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 20, 2014

-i-

**FOR APPELLANT**

Peter William Mayes, pro se
Inmate No. 442-575
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant Peter William Mayes appeals from the trial court's order that denied his request for a "remand for re-sentencing to correct void sentence pursuant to R.C. 2941.25."

**{¶2}** By his own count,[1] this is the tenth appeal Mayes has filed in this court. Each of his appeals has stemmed from his original convictions, which were affirmed on direct appeal in *State v. Mayes*, 8th Dist. Cuyahoga No. 82592, 2004-Ohio-2014 ("*Mayes I*").[2]

**{¶3}** In this appeal, Mayes presents three assignments of error, asserting that the trial court's order should be reversed because his original sentences were "void." He bases this assertion on a claim that his original sentences are "unconstitutional" for the trial court's failure to consider whether the offenses for which he was convicted were allied offenses pursuant to R.C. 2941.25.

---

[1]In an affidavit he submitted to the trial court on June 7, 2012, Mayes listed the appeals he has previously filed in this court, in the Ohio appellate district in which he was incarcerated, in the Ohio Supreme Court, and in the United States district court.

[2]The Ohio Supreme Court declined to accept further review of this court's decision. *State v. Mayes*, 109 Ohio St.3d 1426, 2006-Ohio-1967, 846 N.E.2d 535. In the meantime, Mayes filed a petition for postconviction relief with respect to his original convictions; this court affirmed the trial court's denial of his petition in *State v. Mayes*, 8th Dist. Cuyahoga No. 86203, 2006-Ohio-105, *discretionary appeal not allowed, State v. Mayes*, 109 Ohio St.3d 1426, 2006-Ohio-1967, 846 N.E.2d 535. Additionally, this court affirmed the trial court's denial of Mayes's second petition for postconviction relief in *State v. Mayes*, 8th Dist. Cuyahoga No. 88426, 2007-Ohio-2374.

**{¶4}** Mayes's claim, however, has been previously addressed and rejected in an earlier appeal, viz., *State v. Mayes*, 8th Dist. Cuyahoga No. 96052, 2011-Ohio-6260, ¶ 15 ("*Mayes VIII*"), *discretionary appeal not allowed*, *State v. Mayes*, 131 Ohio St.3d 1475, 2012-Ohio-896, 962 N.E.2d 805. Consequently, the trial court correctly concluded that his claim was barred by the doctrine of res judicata, and the trial court's order is affirmed.

**{¶5}** Inasmuch as the background of Mayes's case has been extensively reviewed in his previous appeals, it will be only briefly summarized herein by quoting a portion of the opinion in *Mayes VIII* as follows:

> On April 24, 2002, defendant was indicted pursuant to a six-count indictment in connection with alleged attacks upon a minor girl 1 in 2002. Counts 1 and 4 charged him with attempted rape. Count 2 charged him with rape. Counts 3 and 6 charged him with kidnapping, and Count 5 charged him with gross sexual imposition. Following a jury trial, defendant was convicted of two counts of attempted rape, one count of rape, and one count of gross sexual imposition. The trial court sentenced him to a total of 24 years of imprisonment, * * *.
>
> * * *
>
> This court affirmed the convictions, sentence, and the sexual predator adjudication. See *State v. Mayes*, Cuyahoga App. No. 82592, 2004-Ohio-2014.
>
> * * *
>
> On April 23, 2010, defendant filed a motion to impose a lawful sentence in which he argued that the trial court erred in its imposition of postrelease control because it did not specify the specific term of postrelease control and did not set the consequences for violating the terms of postrelease control.
> * * *
>
> On May 25, 2010, the trial court * * * set the matter for a de novo sentencing hearing on October 28, 2010. * * *

Following the de novo sentencing hearing, the trial court reimposed the same sentence that had been initially ordered in 2003 * * * and properly imposed postrelease control. * * *

{¶6} With respect to the instant appeal, on February 7, 2013, Mayes filed a request for a "remand for re-sentencing to correct void sentence pursuant to R.C. 2941.25." He claimed his original sentences were invalid. He based this claim upon, inter alia, the decisions in *State v. White*, 8th Dist. Cuyahoga No. 92972, 2010-Ohio-2342, and *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The state filed an opposition brief.

{¶7} On August 23, 2013, the trial court issued an order that denied Mayes's request. Citing this court's opinion in *Mayes VIII*, the trial court determined that Mayes's claim was barred by the doctrine of res judicata.

{¶8} Mayes appeals from the foregoing order. He presents three assignments of error.

I. The trial court erred in re-sentencing Appellant to the same void sentence as "previously imposed," thereby denying him his constitutional rights of [sic] Double Jeopardy, Due Process and Equal Protection inherent by constitutional statutorily mandated sentencing provisions.

II. The trial court erred in dismissing Appellant's motion to "Remand for Re-Sentencing to Correct Sentence Pursuant to R.C. 2941.25" by utilizing the res judicata argument "...where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is, likewise to resentence the defendant." *State v. Fischer* (2010), 128 Ohio St.3d 92, 942 N.E.2d 332; quoting *State v. Beasley* (1984), 14 Ohio St.3d 74, 471 N.E.2d 774.

III. The trial court erred by failing to consider R.C. 2941.25 in its entirety which renders the attempted sentence a nullity and void matter in violation of Appellant's rights of [sic] Double Jeopardy, Due Process and Equal Protection under the law.

**{¶9}** These assignments of error all present the same argument, therefore, they will be addressed together. Mayes asserts that the trial court improperly relied upon the doctrine of res judicata to deny his request for another resentencing hearing.

**{¶10}** This court disagrees. This court previously has addressed and rejected the assertion Mayes presents. *See, e.g., State v. Gibson*, 8th Dist. Cuyahoga No. 96117, 2011-Ohio-3074; *State v. Castro,* 8th Dist. Cuyahoga No. 97451, 2012-Ohio-2206; *State v. Collins*, 8th Dist. Cuyahoga No. 97496, 2012-Ohio-3687; *State v. Gresham*, 8th Dist. Cuyahoga No. 98425, 2012-Ohio-5079.[3]

**{¶11}** As noted in *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 8-13:

> During recent developments in the law surrounding postrelease control issues, the argument has been raised that since a trial court's failure to inform a defendant of postrelease control at sentencing renders that sentence void, the defendant should be allowed to collaterally attack his conviction. *See, e.g., State v. Dillard*, Jefferson App. No. 08 JE 35, 2010-Ohio-1407.
>
> * * *
>
> Recently, the Ohio Supreme Court, in an attempt to wade through the quagmire of law on postrelease control, held that "void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack. [However,], although the doctrine of res judicata does not preclude review of a void sentence, <u>res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence</u>. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." *State v. Fischer*, [128 Ohio St.3d 92], 2010-Ohio-6238 [, 942 N.E.2d 332].

---

[3] The issue was also addressed in *State v. Marks*, 8th Dist. Cuyahoga No. 99474, 2013-Ohio-3734, which distinguished *Gresham* by suggesting that its analysis may no longer apply in certain cases. However, the exception *Marks* contemplated does not apply in this case. Furthermore, the Ohio Supreme Court has accepted *Marks* for review. *State v. Marks,* 137 Ohio St.3d 1421, 2013-Ohio-5285, 998 N.E.2d 1176.

Thus, when a court affirms the convictions in an appellant's first appeal, the propriety of those convictions becomes the law of the case, and subsequent arguments seeking to overturn them are barred. *State v. Harrison*, Cuyahoga App. No. 88957, 2008-Ohio-921, at ¶ 9. Therefore, in a subsequent appeal, only arguments relating to the resentencing are proper. *State v. Riggenbach*, Richland App. No. 09CA121, 2010 Ohio 3392, affirmed by [128 Ohio St.3d 338,] 2010-Ohio-6336 [, 944 N.E.2d 221].

* * * [T]he Ohio Supreme Court recently stated that "under R.C. 2941.25, the court must determine *prior* to sentencing whether the offenses were committed by the same conduct." *State v. Johnson*, [128 Ohio St.3d 153,] 2010-Ohio-6314, [942 N.E.2d 1061,] at the syllabus. (Emphasis added).

Thus, in considering the holdings in *Fischer* and the language the Ohio Supreme Court used in *Johnson*, we find that the trial court did not err when it stated that the issue of allied offenses was not properly before it. Although we are aware that the issue of merger clearly affects a defendant's sentencing disposition, the question of whether the verdicts on all counts can be used to support separate convictions for all offenses charged is decided by the trial court prior to its determination of a defendant's sentence. *Dillard*, supra. Thus, we now consider the issue settled * * * .

(Underscoring added.)

{¶12} Because "this court already affirmed Poole's convictions," Poole was "prohibited from making a collateral attack on his underlying convictions through an appeal of his sentencing" by raising the issue of whether R.C. 2941.25 applied; rather, "his argument is barred by [the doctrine of] res judicata." *Id*. at ¶ 14-15.

{¶13} In *Mayes VIII*, this court stated in pertinent part as follows:

In his third assignment of error, defendant complains that his convictions are allied offenses of similar import and that the trial court erred in imposing sentence on each offense. * * * [T]his claim is outside of the scope of the sentencing hearing. [*State v.*] *Fischer* [128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332]. It is also barred by res judicata. See [*State v.*] *Mayes*, [8th Dist. Cuyahoga No. 86203,] 2006-Ohio-105. [At any event], the record indicates that on two separate dates, defendant committed separate and distinct nonallied offenses with a separate animus. Therefore, this claim is without merit.

**{¶14}** The foregoing states the law of the case. *Gibson*, 8th Dist. Cuyahoga No. 96117, 2011-Ohio-3074, ¶ 33. Therefore, the trial court, even if it wanted to, lacked authority to reconsider the argument Mayes presented in his request for a "remand for re-sentencing to correct void sentence pursuant to R.C. 2941.25." *State v. Harrison*, 8th Dist. Cuyahoga No. 88957, 2008-Ohio-921, ¶ 9.

**{¶15}** In addition, Mayes's request met the criteria for being characterized as a successive petition for postconviction relief. *Marks*, 8th Dist. Cuyahoga No. 99474, 2013-Ohio-3734, ¶ 3. "The time limitations for filing for such relief are set forth in R.C. 2953.21(A)(2) and R.C. 2953.23, but [Mayes's] motion met none of them." *Gibson*, at ¶ 37.

**{¶16}** Because the trial court acted appropriately in denying Mayes's request, Mayes's assignments of error are overruled.

**{¶17}** The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

SEAN C. GALLAGHER, P.J., and

EILEEN T. GALLAGHER, J., CONCUR