OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Quentin Dillard, appeals the decision of the Jefferson County Court of Common Pleas that ordered he serve a total of forty-seven years in prison for committing nine first and second degree felonies. On appeal, Dillard argues that the trial court's sentence violates his right to a jury trial, relying on Blakely v. Washington (2004), 542 U.S. 296, andUnited States v. Booker (2005), 543 U.S. 220. After Dillard filed his brief, the Ohio Supreme Court issued a decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, which controls the outcome of this appeal. Pursuant to the Ohio Supreme Court's directive in Foster, Dillard's sentence must be vacated and this cause remanded for resentencing.
 {¶ 2} Dillard was convicted by a jury of nine first and second degree felonies: aggravated burglary, three counts of felonious assault, four counts of aggravated robbery, and improperly discharging a firearm into a habitation. Seven of these crimes contained three-year firearm specifications. After a sentencing hearing, the trial court sentenced Dillard to a total of forty-seven years in prison, which included thirty-eight years of both maximum and consecutive sentences for the felonies in addition to nine years for the firearm specifications.
 {¶ 3} Dillard's sole assignment of error on appeal argues:
 {¶ 4} "The maximum sentences imposed upon Defendant-Appellant are erroneous because the factors considered by the sentencing court in the imposition of said sentences were not found beyond a reasonable doubt by a jury."
 {¶ 5} In its decision in Foster, the Ohio Supreme Court agreed with the arguments Dillard presents within his assignment of error. In that decision, the court found that R.C. 2929.14(C), which applies to maximum sentences, and R.C. 2929.14(E)(4), which applies to consecutive sentences, unconstitutionally allowed a trial court to increase a felony offender's sentence beyond the statutory maximum based on facts not found by the jury. Foster
at paragraphs one and three of the syllabus. However, the court found that those offending statutes could be severed from the overall felony sentencing structure. Id. at paragraphs two and four of the syllabus. Thus, trial courts now "have full discretion to impose a sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 6} After reaching this conclusion, the Ohio Supreme Court decided that any case reversed for these reasons should be remanded for resentencing.
 {¶ 7} "The sentences of Foster, Quinones, and Adams were based on unconstitutional statutes. When a sentence is deemed void, the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing. See, e.g.,State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, ¶ 23 (where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to resentence the offender). In fact, in the case of Quinones, the court of appeals, whose judgment we today affirm, vacated the sentence and remanded to the trial court for resentencing.
 {¶ 8} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 9} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328.
 {¶ 10} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Id.,543 U.S. at 268, 125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v.Kentucky, 479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. ("`[a] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final'")." Id. at ¶ 103-106.
 {¶ 11} In this case, the trial court followed the dictates of R.C. 2929.14(C) and (E)(4) when sentencing Dillard. Accordingly, his sentence violated his Sixth Amendment right to a trial by jury. In accordance with the Ohio Supreme Court's mandate, Dillard's sentence is vacated and this cause is remanded to the trial court for resentencing.
Donofrio, P.J., concurs.
Waite, J., concurs in judgment only.