[Cite as *State v. Dillard*, 2010-Ohio-1407.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 08 JE 35 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| QUENTIN DILLARD, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
                                                          Court, Case No. 03 CR 111.

JUDGMENT:                                    Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                      Attorney Thomas Straus
                                                          Jefferson County Prosecutor
                                                          Jefferson County Justice Center
                                                          16001 State Route 7
                                                          Steubenville, OH  43952

For Defendant-Appellant:                 Quentin Dillard, Pro-se
                                                          #A452-749
                                                          P.O. Box 57
                                                          Marion, OH  43302

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                                          Dated:  March 25, 2010

DeGenaro, J.

{¶1} This delayed appeal comes for consideration upon the record in the trial court and the parties' briefs. Pro-se Appellant, Quentin Dillard, appeals the July 17, 2007 decision of the Jefferson County Court of Common Pleas that resentenced Dillard to a total of forty-one years in prison, pursuant to a *Foster* sentencing remand by this Court.

{¶2} Dillard argues that the trial court erroneously prevented him from calling an alibi witness to testify without prior notice, that the trial court erroneously failed to merge certain allied offenses of similar import, and that his convictions on five counts were not supported by sufficient evidence. Additionally, Dillard asserts that the trial court conducted improper fact-finding regarding merger in its third sentencing determination, in contravention of *Foster* and the previous directives of this Court. Upon review, his arguments are meritless.

{¶3} Dillard's arguments regarding alibi testimony, merger and sufficiency of the evidence were or could have been raised in his original appeal from the trial court's August 29, 2003 Judgment Entry, and are barred by res judicata. The July 17, 2007 sentencing decision of the trial court adequately followed the sentencing directives of the Ohio Supreme Court as well as this Court. Accordingly, the trial court's resentencing decision is affirmed.

## Facts and Procedural History

{¶4} On August 26, 2003, subsequent to a trial by jury, Dillard was found guilty of five first degree felony offenses and four second degree felony offenses, including one count of aggravated burglary, four counts of aggravated robbery, three counts of felonious assault, one count of improperly discharging a firearm into a habitation, and seven accompanying firearm specifications. The trial court conducted a sentencing hearing the next day, and imposed a sentence of ten years for aggravated burglary, five years for each aggravated robbery count, eight years for one count of felonious assault and five years for each of the remaining two counts of felonious assault, five years for improper discharge of a firearm, and three years for each firearm specification. The trial court ran some of the robbery and assault sentences as well as some of the firearm specifications

concurrently to each other but consecutively with all other counts, for a total of forty-seven years.

{¶5}    Dillard filed a timely appeal and argued that the trial court erroneously failed to declare a mistrial, prohibited alibi witness testimony, and erroneously considered Dillard's gang affiliation. Dillard also argued that the jury verdict was against the manifest weight of the evidence, and that the trial court abused its discretion by imposing maximum and consecutive sentences. This Court affirmed all of Dillard's convictions but remanded the case for resentencing pursuant to *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. *State v. Dillard*, 7th Dist. No. 03 JE 32, 2005-Ohio-1656, at ¶42 (*Dillard I*). Specifically, this Court affirmed the trial court's decision to impose maximum sentences, and additionally found that the sentencing entry included all necessary findings to justify consecutive sentences, but found that the trial court did not state the findings pursuant to R.C. 2929.14(E)(4) on the record before imposing consecutive sentences, as required by *Comer*. *Dillard I*, at ¶127-128, 135-136.

{¶6}    At the April 18, 2005 resentencing hearing the trial court stated its findings on the record pursuant to R.C. 2929.14(E)(4) to support imposing consecutive sentences for several counts. The trial court imposed the same forty-seven year sentence, and repeated its explanation of post-release control and firearm disability ramifications. Dillard raised no objections during the resentencing hearing. The judgment entry of sentence was filed on April 28, 2005, and Dillard timely filed an appeal.

{¶7}    Dillard argued in his second appeal that the trial court conducted improper judicial fact-finding in order to impose maximum sentences against him, in violation of *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621. While Dillard's case was pending with this Court, the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. On June 28, 2006, this Court reversed and remanded the trial court's resentencing decision in light of *Foster*. *State v. Dillard*, 7th Dist. No. 05 JE 22, 2006-Ohio-3524 (*Dillard II*). This Court held that, because the trial court followed the dictates of the now unconstitutional R.C. 2929.14(C) and R.C.

2929.14(E)(4), Dillard's sentence had to be vacated and remanded for resentencing. Id. at ¶11.

{¶8} Dillard's third sentencing hearing took place on July 24, 2006. The trial court stated that "[t]he state of the record still is what it was. The findings in the original sentencing were true and are still true. So, by reference I am finding all those again." The trial court sua sponte held that it must run all of the three-year firearm specifications concurrently, for a total of three instead of nine years. The trial court otherwise imposed the same sentences for each offense, for a new total of 41 years. The trial court repeated its explanation of post-release control and firearm disability ramifications. Dillard raised no objections during the resentencing hearing. At the end of the sentencing hearing, Dillard indicated that he would retain the same attorney to pursue an appeal, but then indicated that he needed to have an attorney appointed.

{¶9} For reasons not apparent in the record, the trial court filed the judgment entry of sentence one year later, on July 17, 2007. The judgment entry stated that the trial court considered the purposes and principles of sentencing pursuant to R.C. 2929.11 and balanced the seriousness and recidivism factors pursuant to R.C. 2929.12. The judgment entry listed the factual findings and considerations supporting the sentence as it had in the previous two sentencing entries, and described the forty-one year sentence.

{¶10} On October 19, 2007, the trial court filed an order appointing counsel to pursue a delayed appeal, noting that Dillard did not retain counsel subsequent to his July 24, 2006 resentencing hearing. On October 31, 2008, Dillard filed a pro-se notice of appeal, affidavit of indigency and motion for leave to file a delayed appeal, stating that he had never been contacted by the counsel that had been appointed on October 19, 2007. On November 20, 2008, this court granted Dillard's motion, and appointed the Ohio Public Defender to assist Dillard with his appeal. Pursuant to Dillard's motion, this court relieved appointed counsel and permitted Dillard to proceed in pro-se capacity on December 31, 2008.

**Res Judicata**

{¶11} In his first and third assignments of error, which we will address together,

Dillard asserts respectively:

{¶12} "Appellant was denied right to a fair trial when trial court impinged upon right to call witnesses in his favor."

{¶13} "Convictions for Counts Two, Four, Six, Seven & Eight are not supported with sufficient evidence."

{¶14} Dillard first contends that the trial court erroneously prevented him from presenting an alibi witness at trial. The State counters that Dillard's argument is barred by res judicata as it had already been raised in Dillard's original appeal. Dillard next contends that the State did not present legally sufficient evidence to support his convictions for two counts of felonious assault and three counts of aggravated robbery. The State again asserts res judicata, arguing that Dillard has waived this argument, as it could have been raised in his original appeal.

{¶15} The Ohio Supreme Court has long recognized that "[u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating * * * any defense or any claimed lack of due process that was raised or could have been raised * * * on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. It is well settled that "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶16.

{¶16} In his original appeal, Dillard argued to this Court that the trial court erroneously applied Crim.R. 12.1 to bar the presentation of alibi witness testimony. *Dillard I*. This court rejected Dillard's argument and affirmed the ruling of the trial court. Id. at ¶63. Because Dillard already had the opportunity to raise this argument in his original appeal and did so, the doctrine of res judicata bars him from raising the argument again in a subsequent appeal. Further, although Dillard argued that his convictions were against the manifest weight of the evidence in his original appeal, he did not present a sufficiency argument. Because the issue of sufficiency of the evidence could have been

raised in Dillard's initial appeal, the doctrine of res judicata precludes review of the issue in a subsequent appeal. Accordingly, Dillard's first and third assignments of error are meritless.

**Merger of Allied Offenses of Similar Import**

{¶17} In his second assignment of error, Dillard asserts:

{¶18} "Appellant received cumulative punishment for allied offenses of similar import, thereby vitiating double jeopardy protections."

{¶19} Dillard contends that two of his aggravated robbery convictions and one of his felonious assault convictions should all have been merged into his conviction for aggravated burglary due to eclipsing statutory elements, and that his remaining five convictions should be merged into one conviction for aggravated robbery because the offenses were committed at the same time and place. The State counters that Dillard has waived this argument as he could have raised the issue in his original appeal.

{¶20} There is not a complete consensus among the Ohio Districts as to whether the issue of merger can be raised for the first time on a resentencing appeal. The majority of Ohio's Appellate Districts believe that the issue of merger must be raised in an appellant's first direct appeal, or else it is barred by res judicata. See, e.g., *State v. Howard*, 2d Dist. No. 2008 CA 87, 2009-Ohio-3432, at ¶9-10; *State v. Lariva*, 10th Dist. No. 08AP-413, 2008-Ohio-5499, at ¶21; *State v. Craig*, 5th Dist. No. 2005CA16, 2005-Ohio-5300, at ¶13-14. However, some courts have provided merger analysis in a resentencing appeal without addressing the issue of res judicata. See, e.g., *State v. James*, 12th Dist. No. CA2008-04-037, 2009-Ohio-1453, at ¶17-18; *State v. Harris*, 1st Dist. No. C-060691, 2007-Ohio-5127, at ¶9-11.

{¶21} The Ohio Supreme Court has ruled that "the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence." *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶13. Because this Court vacated the trial court's previous sentencing decisions in *Dillard I* and *Dillard II*, any issues related to this resentencing cannot be considered res judicata in the present appeal. The renewed ability to address sentencing issues might lead one to

conclude that the issue of merger may therefore be addressed. However, though the issue of merger is decided at the sentencing level of proceedings, a merger analysis does not exclusively involve sentencing issues.

**{¶22}** This Court has previously made reference to merger as being one of various issues which are barred by res judicata in *Foster* resentencing appeals. *State v. McLeod*, 7th Dist. No. 07-JE-17, 2008-Ohio-3405, at ¶16, citing *State v. Martin*, 2d Dist. No. 21697, 2007-Ohio-3585. In *Martin*, the Second District noted that the analysis of merger constituted a review of Martin's underlying convictions, and thus was not within the scope of the trial court's limited review of sentencing issues on remand. *Martin* at ¶2-3. We continue to agree with the reasoning of the Second District in *Martin*. Although the issue of merger clearly affects a defendant's sentencing disposition, the question of whether the jury's verdicts on all counts can be used to support separate convictions for all offenses charged must be answered by the trial court prior to its determination of a defendant's sentence. Id. See, also, *State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882, at ¶21-23 (holding that when two allied offenses of similar import are to be merged, the prosecution must "elect which offense it will pursue after a finding of guilt but prior to sentencing."); *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶42-43 (stating that "the proper disposition of matters involving allied offenses of similar import committed with a single animus is to merge the crimes into a single conviction" and instructing the trial court to merge the two convictions and allow the State to choose which conviction would remain for the purpose of sentencing).

**{¶23}** Because this Court has already affirmed Dillard's convictions in *Dillard I*, the trial court's jurisdiction was limited to a consideration of sentencing issues in its July 17, 2007 judgment entry. The trial court would not have been permitted to alter, merge or vacate any of Dillard's underlying convictions. Dillard cannot make a collateral attack on his underlying convictions through an appeal of his sentencing, and his argument is barred by res judicata. Accordingly, Dillard's second assignment of error is meritless.

### Cumulative Sentences

**{¶24}** In his fourth assignment of error, Dillard asserts:

{¶25} "Trial court abused its discretion in reimposing same punishment, less the merger of firearm specifications, pursuant to findings found to be unconstitutional and prohibitions placed on cumulative sentences."

{¶26} When reviewing the constitutionality of a felony sentence, an appellate court must determine first whether the defendant has shown by clear and convincing evidence that the sentence is contrary to law, and second whether the court committed an abuse of discretion. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶4. A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention of a statute, or decided pursuant to an unconstitutional statute. *Kalish* at ¶36; *State v. Thomas,* 7th Dist. No. 06 MA 185, 2008-Ohio-1176, at ¶16. An abuse of discretion is more than a mere error of law or judgment; it constitutes an unreasonable, arbitrary or unconscionable use of discretion. *Kalish* at ¶19.

{¶27} Dillard's sole objection within this analysis is that the trial court continued to conduct improper judicial fact-finding to support its July 17, 2007 sentencing decision, and thus thwarted the previous directives of this Court, as well as the decisions of *Foster* and *Blakely*. However, the Ohio Supreme Court has explained that *Foster* eliminated statutorily mandated judicial fact-finding pursuant to certain unconstitutional statute sections, but did not prohibit the trial court from making such findings of fact. *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶25. See, also, *Oregon v. Ice* (2009), ---U.S.---, 129 S.Ct. 711, 172 L.Ed.2d 517 (holding that the Sixth Amendment does not prohibit judicial fact-finding for the imposition of consecutive sentences).

{¶28} More importantly, the judicial finding of fact challenged in this assignment of error was the trial court's failure to find that any of Dillard's convictions should be merged under R.C. 2941.25(B). Whether or not convictions are to be merged is a question of law for the trial court to decide. See *State v. Kent* (1980), 68 Ohio App.2d 151,154, 22 O.O.3d 223, 428 N.E.2d 453. See, also, *State v. Taylor*, 7th Dist. No. 07 MA 115, 2009-Ohio-3334, at ¶19. Thus, a trial court's decision that a defendant's convictions are not allied offenses of similar import, and not subject to merger, does not involve judicial fact-

finding.

{¶29} The trial court's sentencing decision was within the statutory range provided for Dillard's convictions. The trial court's judgment entry of sentence indicated that the trial court had considered the purposes and principles of sentencing pursuant to R.C. 2929.11 and balanced the seriousness and recidivism factors pursuant to R.C. 2929.12. The trial court did not indicate that it was bound to follow any of the sentencing statutes now found to be unconstitutional. Upon review of the record and the judgment entry of sentence, there is nothing to suggest that the trial court's sentencing decision was unreasonable, arbitrary or unconscionable. Given the foregoing, Dillard's fourth assignment of error is meritless.

{¶30} In conclusion, Dillard's first, second and third assignments of error are meritless as they are barred by res judicata. Dillard's fourth assignment of error is meritless as his sentence upon remand was not contrary to law, nor did the trial court abuse its discretion in imposing that sentence. Accordingly, the July 17, 2007 resentencing judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.