[Cite as *State v. Dillard*, 2014-Ohio-439.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 JE 29 |
| V. | ) | |
| | ) | OPINION |
| QUENTIN DILLARD, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common
Pleas of Jefferson County, Ohio
Case No. 03CR111

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    Jane Hanlin
Prosecutor
Jefferson County Justice Center
16001 S.R. 7
Steubenville, Ohio 43952

For Defendant-Appellant    Quentin Dillard, Pro-se
A452749
Warren Correctional Institution
P.O. Box 120
Lebanon, Ohio 45036

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: February 5, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Quentin Dillard, appeals a decision of the Jefferson County Common Pleas Court overruling his "Motion to Correct a Void Sentence and for Resentencing."

{¶2} On August 26, 2003, subsequent to a jury trial, Dillard was found guilty of five first-degree felony offenses and four second-degree felony offenses, including one count of aggravated burglary, four counts of aggravated robbery, three counts of felonious assault, one count of improperly discharging a firearm into a habitation, and seven accompanying firearm specifications. The trial court conducted a sentencing hearing the next day, and imposed a sentence of ten years for aggravated burglary, five years for each aggravated robbery count, eight years for one count of felonious assault and five years for each of the remaining two counts of felonious assault, five years for improper discharge of a firearm, and three years for each firearm specification. The trial court ran some of the robbery and assault sentences as well as some of the firearm specifications concurrently to each other but consecutively with all other counts, for a total sentence of forty-seven years.

{¶3} Dillard filed a timely appeal and argued that the trial court erroneously failed to declare a mistrial, prohibited alibi witness testimony, and erroneously considered Dillard's gang affiliation. Dillard also argued that the jury verdict was against the manifest weight of the evidence, and that the trial court abused its discretion by imposing maximum and consecutive sentences. This Court affirmed all of Dillard's convictions but remanded the case for resentencing pursuant to *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. *State v. Dillard*, 7th Dist. No. 03 JE 32, 2005-Ohio-1656, (*Dillard I*). Specifically, this Court affirmed the trial court's decision to impose maximum sentences, and additionally found that the sentencing entry included all necessary findings to justify consecutive sentences, but found that the trial court did not state the findings on the record pursuant to R.C. 2929.14(E)(4) before imposing consecutive sentences, as required by *Comer*. *Dillard I*, at ¶ 127-128, 135-136.

{¶4} At the April 18, 2005 resentencing hearing the trial court stated its

findings on the record pursuant to R.C. 2929.14(E)(4) to support imposing consecutive sentences for several counts. The trial court imposed the same forty-seven year sentence, and repeated its explanation of post-release control and firearm disability ramifications. Dillard raised no objections during the resentencing hearing. The judgment entry of sentence was filed on April 28, 2005, and Dillard timely filed an appeal.

**{¶5}** Dillard argued in his second appeal that the trial court conducted improper judicial fact-finding in order to impose maximum sentences against him, in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). While Dillard's case was pending with this Court, the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. On June 28, 2006, this Court reversed and remanded the trial court's resentencing decision in light of *Foster*. *State v. Dillard*, 7th Dist. No. 05 JE 22, 2006-Ohio-3524 (*Dillard II*). This Court held that, because the trial court followed the dictates of the now unconstitutional R.C. 2929.14(C) and R.C. 2929.14(E)(4), Dillard's sentence had to be vacated and remanded for resentencing. *Id.* at ¶ 11.

**{¶6}** Dillard's third sentencing hearing took place on July 24, 2006. The trial court stated that "[t]he state of the record still is what it was. The findings in the original sentencing were true and are still true. So, by reference I am finding all those again." The trial court *sua sponte* held that it must order all of the three-year firearm specifications to be served concurrently, for a total of three instead of nine years. The trial court otherwise imposed the same sentences for each offense, for a new total of forty-one years. The trial court repeated its explanation of post-release control and firearm disability ramifications. Dillard raised no objections during the resentencing hearing. At the end of the sentencing hearing, Dillard indicated that he would retain the same attorney to pursue an appeal, but then indicated that he needed to have an attorney appointed.

**{¶7}** For reasons not apparent in the record, the trial court filed the judgment entry of sentence one year later, on July 17, 2007. *State v. Dillard*, 7th Dist. No. 08 JE 35, 2010-Ohio-1407, ¶ 9 (*Dillard III*). The judgment entry stated that the trial court

considered the purposes and principles of sentencing pursuant to R.C. 2929.11 and balanced the seriousness and recidivism factors pursuant to R.C. 2929.12. The judgment entry listed the factual findings and considerations supporting the sentence as it had in the previous two sentencing entries, and described the forty-one year sentence.

{¶8} On October 19, 2007, the trial court filed an order appointing counsel to pursue a delayed appeal, noting that Dillard did not retain counsel subsequent to his July 24, 2006 resentencing hearing. On October 31, 2008, Dillard filed a pro se notice of appeal, affidavit of indigency, and motion for leave to file a delayed appeal, stating that he had never been contacted by the counsel that had been appointed on October 19, 2007. On November 20, 2008, this court granted Dillard's motion, and appointed the Ohio Public Defender to assist Dillard with his appeal. Pursuant to Dillard's motion, this court relieved appointed counsel and permitted Dillard to proceed in a pro se capacity on December 31, 2008.

{¶9} In his third appeal, Dillard argued that the trial court erroneously prevented him from calling alibi witnesses to testify without prior notice, that the trial court erroneously failed to merge certain allied offenses of similar import, and that his convictions on five of the counts were not supported by sufficient evidence. Additionally, Dillard asserted that the trial court conducted improper fact-finding regarding merger in its third sentencing determination in contravention of *Foster* and the previous directives of this Court. Upon review, this Court found Dillard's arguments to be meritless. *Dillard III*, at ¶ 30.

{¶10} Specifically, this Court held that Dillard's first and third assignments of error were barred by res judicata because, respectively, Dillard raised the alibi-witness argument in his original appeal and because he could have, but did not, raise the sufficiency of the evidence issue. Res judicata likewise barred Dillard's second assignment of error because a merger analysis constitutes a review of underlying convictions and this Court had already affirmed Dillard's convictions in *Dillard I. See Dillard III*, at ¶ 23. Finally, this Court also overruled Dillard's fourth assignment of error on the grounds that a trial court's decision that a defendant's convictions are not allied offenses of similar import does not involve judicial fact-finding; that the trial

court's sentence was within the relevant statutory range; and that nothing else in the record suggested that the trial court's sentencing decision was otherwise unreasonable, arbitrary, or unconscionable. Accordingly, this Court reaffirmed the trial court's July 17, 2007 resentencing judgment. *See Dillard III*, at ¶ 28-29.

{¶11} On March 31, 2011, Dillard filed both a "Motion for Leave to Appeal" in this Court, and a "Motion for Resentencing" in the Jefferson County Common Pleas Court, requesting a Merger Hearing. On April 5, 2011, the trial court overruled that motion, holding that it lacked jurisdiction to re-sentence because Dillard filed both an appeal in this Court and the resentencing motion simultaneously, and because Dillard's sentencing had become final by way of appeal.

{¶12} On May 2, 2011, Dillard filed a second Motion for Resentencing in the Jefferson County Common Pleas Court, again requesting a Merger Hearing. On May 20, 2011, the trial court again overruled Dillard's motion.

{¶13} On June 10, 2011, Dillard timely appealed that decision in this Court and on October 28, 2011, this Court, *sua sponte*, granted Dillard thirty days to file assignments of error and brief. Thereafter, this Court *sua sponte* dismissed Dillard's appeal because he failed to timely prosecute it under the Ohio Rules of Appellate Procedure.

{¶14} On June 6, 2012, Dillard filed a "Motion to Correct a Void Sentence and for Resentencing" in the Jefferson County Common Pleas Court. Dillard attached a memorandum in support arguing that under the Ohio Supreme Court's holding in *State v. Johnson*, which was decided after *Dillard III*, his sentence is void. 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. *Johnson* held: "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. However, while changing the way courts are to analyze the issue of allied offenses of similar import, *Johnson* did not provide a controlling test to use because it does not contain a majority opinion. *See State v. Ryan*, 7th Dist. No. 10-MA-173, 2012-Ohio-1265, ¶ 50. Rather, "[o]ur only new guidance is to consider the defendant's conduct and thus the particular facts of each case to determine whether the offenses are of similar import." *Id.*, quoting *State v. Gardner*, 7th Dist. No. 10-MA-52, 2011-Ohio-

2644, ¶ 23. Nonetheless, Dillard asserted that under *Johnson*, certain offenses of his were allied offenses, and that accordingly, his convictions for those offenses should be merged. Additionally, Dillard asserted that his sentence did not comport with due process. On this point, Dillard suggested that his trial counsel was ineffective and that he was precluded from raising an ineffective assistance of counsel claim on appeal because his trial counsel and his counsel on appeal were the same.

{¶15} On October 22, 2012, the trial court overruled Dillard's "Motion to Correct a Void Sentence and for Resentencing," along with all other pending motions.

{¶16} This appeal followed.

{¶17} In his fourth appeal in this Court, Dillard lists two assignments of error which he combines in his argument.

{¶18} In the first, Dillard argues that:

A SENTENCE IMPOSED WHICH EXCEEDS A SENTENCE MANDATED BY LAW IS VOID. APPELLANT RECEIVED AN EXCESSIVE, VOID SENTENCE WHICH VIOLATES DUE PROCESS.

{¶19} In the second, Dillard argues that:

APPELLANT'S COUNSEL ON APPEAL WAS THE SAME AS HIS TRIAL COUNSEL, AND THIS CONFLICT OF INTEREST PREVENTED COUNSEL FROM ASSIGNING INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL FOR NOT ENSURING THAT APPELLANT'S ALLIED OFFENSES WERE PROPERLY MERGED.

{¶20} Under these two assignments, Dillard ultimately suggests that some of his offenses are allied offenses of similar import and should be merged. As aforementioned, in *Dillard III* this Court held that this same merger argument was barred by res judicata because Dillard's convictions had already been affirmed. Thus, in support of his merger claim this time around, Dillard further suggests that his counsel was ineffective and that he would have asserted and prevailed on the

merger issue in his original appeal before this Court affirmed his convictions had he been appointed different counsel. However, Dillard asserts, because his trial counsel also represented him on appeal, he was precluded from obtaining new counsel by asserting ineffective assistance of counsel in his initial direct appeal. Dillard also implies that he did not raise ineffective assistance of counsel in his first *pro se* appeal (*Dillard III*), because at that time, "he was unaware that it was inappropriate for counsel at trial to also represent the same defendant on appeal."

**{¶21}** It is well settled that "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Moreover, "[t]he Ohio cases which appear to absolutely prohibit the review of an ineffectiveness of counsel argument where trial counsel continues to represent on appeal are based on a misreading of certain post-conviction relief and habeas decisions." *State v. Harris*, 7th Dist. No. 00 BA 26, 2002-Ohio-2411, ¶ 23. Rather, "there does not appear to be an absolute bar to arguing one's own ineffectiveness in federal criminal appeals." *Id.*, at ¶ 22, citing *Barker v. United States*, 7 F.3d 629, 632 (7th Cir.1993). Thus, counsel who represents defendant both at trial and on appeal is not barred from arguing ineffective assistance of counsel on direct appeal. *See Harris*, at ¶ 22-27 (distinguishing post-conviction relief appeals from direct appeals in holding that counsel who represents a defendant both at trial and on appeal may argue ineffective assistance on direct appeal). Accordingly, contrary to his assertions, Dillard was not precluded by law from raising ineffective assistance of counsel in his first direct appeal despite the fact that his appellate counsel also represented him at trial. Additionally, Dillard could have, and should have, raised this issue in his first *pro se* appeal. Because he did not raise this issue in either instance, he is precluded by the doctrine of res judicata from litigating this issue in this proceeding.

**{¶22}** That said, Dillard further asserts that the trial court did not adequately address the merits of his motion and that *State v. Johnson, supra,* which post-dates this Court's decision in *Dillard III*, should be applied retroactively to his 2003 conviction and sentencing. Dillard suggests that his sentence is not in accordance with *Johnson* and is thus void because it "exceeds a sentence mandated by law."

Additionally, as this Court dismissed Dillard's merger claim in *Dillard III* on res judicata grounds, Dillard further asserts that res judicata does not apply here because he raised the merger issue on a direct appeal and this Court issued an adverse ruling on the basis of unsettled law.

**{¶23}** Dillard is incorrect. "The majority of Ohio's Appellate Districts believe that the issue of merger must be raised in an appellant's first direct appeal, or else it is barred by res judicata." *Dillard III*, at ¶ 20, citing *State v. Howard*, 2d Dist. No. 2008 CA 87, 2009-Ohio-3432, ¶ 9-10 (holding that res judicata barred the court's consideration of appellant's merger of allied offenses of similar import claim because "it could have been made in [appellant's] original direct appeal"); *see also State v. Parson*, 2d Dist. No. 24641, 2012-Ohio-730, ¶ 10, citing *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10-11 for the proposition that "'allied-offense claims are nonjurisdictional,' and thus, barred by the doctrine of res judicata where they were raised, or could have been raised, on direct appeal."

**{¶24}** Here, Dillard did not raise the issue of merger in his first, or even in his second, direct appeal. Dillard seems to suggest that he failed to do so because his counsel was ineffective and he could not raise ineffective assistance on appeal to obtain different counsel who would have in turn raised the merger issue. Even if this claim were a valid way around res judicata on the merger issue, as aforementioned, the claim itself is barred by res judicata. Thus, whereas res judicata barred Dillard's merger claim in *Dillard III* because this Court had already affirmed Dillard's convictions, res judicata bars review in the instant case because Dillard failed to raise the merger issue in his first direct appeal.

**{¶25}** Nonetheless, even if res judicata did not bar review, Dillard's argument would still be meritless because *Johnson* is inapplicable here. "*Johnson* identified a change in the manner in which a state law is interpreted and applied. It is not a United States Supreme Court case, and thus, does not identify any new, retroactive, federal or state right recognized by the United States Supreme Court." *State v. Norris*, 7th Dist. No. 11 MO 4, 2013-Ohio-866, ¶ 14. Moreover, "[a] new judicial ruling may be applied only to cases that are pending on the announcement date." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6, citing *State v.*

*Evans*, 32 Ohio St.2d 185, 186, 291 N.E.2d 466 (1972). Accordingly, this Court has applied *Johnson* retroactively only in those cases in which an appeal was pending in this Court when *Johnson* was announced. *Compare State v. Burns*, 7th Dist. No.09-MA-193, 2012-Ohio-2698, ¶ 64 (applying *Johnson* retroactively where appeal was pending), *and State v. Stoffer*, 7th Dist.No.09-CO-1, 2011-Ohio-5133, ¶ 182 (applying *Johnson* retroactively where appeal was pending), *with State v. Norris*, *supra* (refusing to apply *Johnson* in a post-conviction relief case where no appeal was pending at the time *Johnson* was announced).

**{¶26}** Here, as aforementioned, *Johnson* was announced *after* this Court's decision in *Dillard III*. Moreover, while Dillard appealed (but never prosecuted the appeal) to this Court in March 2011 after *Johnson* was released, he did not have an appeal pending at the time of *Johnson*'s announcement. Accordingly, Dillard cannot rely on *Johnson*.

**{¶27}** In sum, the doctrine of res judicata bars both Dillard's merger argument and his ineffective assistance of counsel argument in support thereof because he failed to raise both issues in his first direct appeal. Additionally, even if res judicata did not apply here, *Johnson* cannot be applied retroactively to Dillard's 2003 convictions and sentence, and thus, the analysis undertaken by the trial court would remain in effect.

**{¶28}** Accordingly, both of Dillard's assignments of error are without merit.

**{¶29}** The trial court's judgment is affirmed.

Waite, J., concurs.

DeGenaro, P.J., concurs.