[Cite as *State v. Delgado*, 2015-Ohio-5006.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 MA 26 |
| V. | ) | |
| | ) | OPINION |
| JASON DELGADO, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common
                               Pleas of Mahoning County, Ohio
                               Case No. 08 CR 884

JUDGMENT:                      Affirmed

APPEARANCES:
For Plaintiff-Appellee          Paul Gains
                                Prosecutor
                                Ralph M. Rivera
                                Assistant Prosecutor
                                21 W. Boardman St., 6th Floor
                                Youngstown, Ohio 44503

For Defendant-Appellant         Jason Delgado, Pro-se
                                #A561-065
                                Lake Erie Correctional Institution
                                501 Thompson Road
                                P.O. Box 8000
                                Conneaut, Ohio  44030

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: November 25, 2015

[Cite as *State v. Delgado*, 2015-Ohio-5006.]
Donofrio, P.J.

{¶1}  Defendant-appellant, Jason Delgado, appeals from a Mahoning County Common Pleas Court judgment denying his motion for resentencing.

{¶2}  On July 31, 2008, a Mahoning County Grand Jury indicted appellant on one count of aggravated murder, a first-degree felony in violation of R.C. 2903.01(A)(F) with a firearm specification; two counts of attempted murder, first-degree felonies in violation of R.C. 2923.02(A) and R.C. 2903.02(A)(D) with firearm specifications; and one count of felonious assault, a first-degree felony in violation of R.C. 2903.11(A)(1)(D).  Appellant entered a not guilty plea.

{¶3}  On October 30, 2008, pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant entered a guilty plea.  In exchange for his plea, two of his charges were reduced.  Count One was reduced from aggravated murder with a firearm specification to voluntary manslaughter with a firearm specification and Count Three was reduced from attempted murder with a firearm specification to felonious assault with a firearm specification.  Count Two remained attempted murder with a firearm specification and Count Four remained felonious assault without a firearm specification.

{¶4}  Appellant and the state also agreed to a sentence of five years for voluntary manslaughter plus three years for the firearm specification, three years for attempted murder plus three years for the firearm specification, and three years for each of the felonious assaults with three years for the firearm specification on the first felonious assault count.  They further agreed the sentences for voluntary manslaughter and felonious assault would be served concurrently and the sentence for attempted murder would be served consecutively to the other sentences.  The parties also stipulated that the firearm specifications would merge.  The total agreed-upon sentence was 11 years.

{¶5}  The trial court accepted appellant's guilty plea.  It subsequently held a sentencing hearing where it sentenced appellant in accordance with the recommended sentence.  The court entered its judgment entry of sentence on December 12, 2008.  Appellant did not file a direct appeal from that judgment.

{¶6}  On November 7, 2014, appellant filed a pro se "motion requesting

resentencing of consecutive sentences imposed contrary to law." He requested resentencing based on the trial court's alleged failure to comply with R.C. 2929.14(C)(4).

{¶7} The trial court overruled appellant's motion. Appellant filed a timely notice of appeal from this judgment entry. Still acting pro se, appellant now raises four assignments of error.

{¶8} Appellant's first assignment of error states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW WHEN IT FAILED TO FOLLOW RULE 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE DURING THE PLEA HEARING.

{¶9} Appellant argues that the trial court erred in accepting his guilty plea. Specifically, he contends the court failed to comply with Crim.R. 11(C)(2)(b) by failing to inform him that it could proceed directly with judgment and sentence.

{¶10} The doctrine of res judicata provides that any issue that could have been raised on direct appeal, and was not, is barred in later proceedings and not subject to review. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶16.

{¶11} A court's compliance with Crim.R. 11(C) goes to an analysis of whether a defendant entered his plea knowingly, voluntarily, and intelligently. Thus, if a court does not comply with Crim.R. 11(C)'s requirements in accepting the defendant's plea, the plea may be found to be involuntarily entered.

{¶12} Whether an appellant has entered his plea knowingly, voluntarily, and intelligently is an issue properly raised on direct appeal. *State v. Kartman*, 7th Dist. No. 04-BE-13, 2005-Ohio-6441, ¶19. Because appellant failed to file a direct appeal in this case, the issue of the voluntariness of his plea is now barred by res judicata.

{¶13} Appellant's second assignment of error states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A

MATTER OF LAW WHEN IT FAILED TO MERGE THE TWO COUNTS FOR SENTENCING PURPOSES.

{¶14} Here appellant contends the trial court erred in failing to merge his convictions for voluntary manslaughter and felonious assault. He urges the two offenses are allied offenses of similar import and should have merged for purposes of sentencing.

{¶15} The issue of merger of allied offenses of similar import must be raised in an appellant's direct appeal or it is barred by res judicata. *State v. Dillard*, 7th Dist. No. 12 JE 29, 2014-Ohio-439, ¶¶23-24. Thus, in this case, the issue of allied offenses is barred by res judicata.

{¶16} Appellant's third and fourth assignments of error make the same argument. Therefore, we will address them together. They state, respectively:

MR. DELGADO SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE U.S. CONSTITUTION.

MR. DELGADO SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE OHIO CONSTITUTION.

{¶17} In his final two assignments of error, appellant argues his trial counsel was ineffective for failing to request an interpreter during his plea and sentencing hearings. He states his first language is Spanish and he speaks very limited English. Thus, appellant asserts he was prejudiced because he could not communicate effectively with his counsel. Appellant goes on to state that he wanted his counsel to raise the affirmative defense of self-defense for him but his counsel did not understand him so counsel did not raise this defense. Appellant also questions whether counsel ever hired an investigator.

{¶18} A claim of ineffective assistance of trial counsel should be raised in a direct appeal. *State v. Dillard*, 7th Dist. No. 12 JE 29, 2014-Ohio-439, ¶21, 27. Thus, this argument is barred by the doctrine of res judicata.

{¶19} Moreover, the trial court sustained appellant's oral request for a

translator. See August 21, 2008 Judgment Entry. This translator was present at both the plea hearing and the sentencing hearing. See November 3, 2008 Judgment Entry; December 12, 2008 Judgment Entry. Thus, appellant's argument on this point fails.

**{¶20}** Additionally, appellant did not raise this argument in the trial court. The judgment entry from which he now appeals disposed of his motion "motion requesting resentencing of consecutive sentences imposed contrary to law." His motion focused on his sentence and did not raise a claim for ineffective assistance of trial counsel. An appellant's failure to raise an issue in the trial court precludes him from raising it for the first time on appeal. *State v. Lagese*, 7th Dist. No. 11-MA-198, 2013-Ohio-5773, ¶15.

**{¶21}** Accordingly, appellant's third and fourth assignments of error are barred.

**{¶22}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite J., concurs.

Robb, J., concurs.