[Cite as *State v. Spring*, 2020-Ohio-4718.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JEFFREY M. SPRING,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 JE 0014**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 15-CR-8

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Jane Hanlin*, (NO BRIEF FILED), Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee and

Jeffrey M. Spring, (PRO SE), A672-693, P.O. Box 540, Saint Clairsville, Ohio 43950-0540, for Defendant-Appellant.

Dated:
September 29, 2020

**Donofrio, J.**

{¶1}     Defendant-appellant, Jeffrey Spring, appeals from a Jefferson County Common Pleas Court judgement denying his postconviction petitions.

{¶2}     On January 30, 2014, appellant called 911 to report that he had shot Stephen Boyer during an alleged armed break-in.  When police arrived, they found no evidence of a struggle and no evidence of a break-in.  They did find, however, Boyer dead with gunshot wounds, lying in front of appellant's front door.  There was a bloodstain several feet away that appeared to have been swept up with a broom.  Police located a bloodstained broom outside.

{¶3}     Officers questioned appellant in the backseat of a police cruiser.  After being provided Miranda warnings, appellant stated: "I shot him once, went outside and shot him again in the head to make sure he was dead."

{¶4}     Officers noted that Boyer had a knife in his hand, but that it was placed in an odd manner.  The knife was sent to the BCI Crime Lab for testing, where it was determined that appellant's was the only DNA present on the knife.

{¶5}     Officers attempted to find the firearm used in the crime, but appellant made various claims as to where the weapon might be, first claiming it was in his bedroom, and later stating that it might have been in the couch.  Officers eventually located the weapon during a search of the residence, inside a kitchen cabinet.  The gun contained two spent shell casings and four live rounds.  The bullet recovered from Boyer's abdomen was tested and was concluded to have been fired from the weapon found in appellant's kitchen cabinet.

{¶6}     After the shooting, the sheriff interviewed appellant.  Appellant again admitted to shooting Boyer, once in the abdomen and again in the head.  Appellant claimed he fired the second shot to the head because he did not want to see Boyer suffer.  Appellant also admitted that he had attempted to clean up the blood with a broom, and that he had placed the knife in Boyer's hand.

{¶7}     A Jefferson County Grand Jury indicted appellant on one count of murder, an unclassified felony in violation of R.C. 2903.02(A) with an attached firearm

specification, and one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1).

**{¶8}** The matter proceeded to a jury trial. Appellant testified in his own defense, claiming he shot Boyer accidentally through his closed front door. He testified he believed Boyer had left the premises, and therefore did not think he would hit anyone when he fired his weapon through the door. Appellant claimed that prior to the shooting there were only seven bullet holes in the front door. After the shooting, investigators found there were nine bullet holes in the front door.

**{¶9}** Appellant also admitted he lied about the victim breaking into his home with a knife. Instead, appellant said he and the victim had been together at his home for approximately 30 to 40 minutes, when the two began to argue. He then became agitated after observing his prescription medication bottles were moved. Appellant suspected Boyer had attempted to steal from him. He then pushed Boyer out of his house and shot twice through the closed front door.

**{¶10}** The jury found appellant guilty as charged. The trial court subsequently sentenced him to 18 years to life in prison.

**{¶11}** Appellant filed an appeal with this court arguing his trial counsel was constitutionally ineffective. *State v. Spring*, 7th Dist. Jefferson No. 15-JE-0019, 2017-Ohio-768. We affirmed appellant's conviction.

**{¶12}** Appellant then filed several pro-se petitions for postconviction relief regarding the issue of ineffective assistance of counsel. The trial court denied the petitions. Appellant filed a timely notice of appeal on August 2, 2019.

**{¶13}** Appellant, still proceeding pro se, raises four assignments of error. Because all of appellant's assignments of error assert the trial court erred in denying his postconviction petition when he presented evidence of ineffective assistance of counsel, we will address them together.

**{¶14}** Appellant's assignments of error state:

THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE, DENYING HIM DUE PROCESS OF LAW UNDER THE OHIO AND U.S. CONSTITUTIONS, WHEN HIS PETITION FOR POSTCONVICTION RELIEF WAS DENIED WHEN HE PRESENTED EVIDENCE OF

INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL DUE TO A FAILURE TO INVESTIGATE AND PRESENT EVIDENCE RELATED TO THE DOOR OF APPELLANT'S HOME.

THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE, DENYING HIM DUE PROCESS OF LAW UNDER THE OHIO AND U.S. CONSTITUTIONS, WHEN HIS PETITION FOR POSTCONVICTION RELIEF WAS DENIED WHEN HE PRESENTED EVIDENCE OF INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL DUE TO A FAILURE TO INVESTIGATE THE EVIDENCE RELATED TO BULLETS FOUND AT THE SCENE OF THE CRIME.

THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE, DENYING HIM DUE PROCESS OF LAW UNDER THE OHIO AND U.S. CONSTITUTIONS, WHEN HIS PETITION FOR POSTCONVICTION RELIEF WAS DENIED WHEN HE PRESENTED EVIDENCE OF INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL DUE TO A FAILURE TO INVESTIGATE THE EVIDENCE RELATED TO PILLS FOUND AT THE SCENE OF THE CRIME.

THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE, DENYING HIM DUE PROCESS OF LAW UNDER THE OHIO AND U.S. CONSTITUTIONS, WHEN HIS PETITION FOR POSTCONVICTION RELIEF WAS DENIED WHEN HE PRESENTED NEWLY DISCOVERED EVIDENCE OF INEFFECTIVE ASSISTANCE OF COUNSEL AND THE DENIAL OF A FAIR TRIAL DUE TO A FAILURE TO INVESTIGATE THE EVIDENCE RELATED TO BULLETS FOUND AT THE SCENE OF THE CRIME.

{¶15}   Appellant alleges numerous causes of ineffective assistance of counsel for various errors that he believes his counsel committed in not investigating certain pieces of evidence.   He faults his counsel for not investigating the front door and the bullets found in the victim for forensic evidence.   He alleges that this evidence would

support his claim that the bullet was fired from inside the house from behind the closed door. Specifically, appellant provides testimony from a firearms expert hired by his family that he claims support his argument.

**{¶16}** The doctrine of res judicata provides that any issue that was or could have been raised on direct appeal is barred in later proceedings and is not subject to review. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

**{¶17}** Generally, a claim of ineffective assistance of trial counsel should be raised in a direct appeal. *State v. Dillard*, 7th Dist. Jefferson No. 12 JE 29, 2014-Ohio-439, ¶ 21, 27; *State v. Delgado*, 7th Dist. Mahoning No. 15 MA 26, 2015-Ohio-5006, ¶ 18. A trial court properly dismisses a petition for postconviction relief based on res judicata "when the defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel and the issue could fairly have been determined without resort to evidence outside the record." *State v. Carosiello*, 7th Dist. Columbiana No. 18 CO 0018, 2019-Ohio-2705, ¶ 28, quoting *State v. Sturgill*, 12th Dist. Clermont Nos. CA2014-01-003 and CA2014-07-049, 2014-Ohio-5082, ¶ 13.

**{¶18}** In this case, the arguments raised by appellant could have, or should have been raised on direct appeal. In fact, appellant's entire argument on direct appeal focused on his claim of multiple alleged instances of ineffective assistance of counsel; however, it did not refer to the evidentiary issues he now raises. See *Spring*, 2017-Ohio-768, at ¶ 17. Nonetheless, appellant could have additionally raised the issues he now raises surrounding his counsel's alleged failure to properly investigate during his direct appeal.

**{¶19}** As appellant points out in his brief, his trial counsel was in possession of the door to appellant's house, which contained bullet holes that appellant asserts should have been forensically examined. Additionally, appellant testified at trial that his prescription medication bottles had been moved and he suspected appellant had attempted to steal from him. *Spring*, at ¶ 13. And there was a considerable amount of testimony at trial regarding the bullets that killed Boyer. *Spring*, at ¶ 8-9. 15. Thus, at the time of his direct appeal, appellant was aware of the issues he raised in postconviction. He could have, and should have, raised the issues in his direct appeal. Therefore, the trial court properly denied appellant's postconviction petitions as the issues he raised were barred by the doctrine of res judicata.

{¶20} Accordingly, appellant's four assignments of error are without merit and are overruled.

{¶21} For the reasons stated above, the trial court's judgement is hereby affirmed.

Waite, P. J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**